**UNITED STATES of America.,**
**Appellee,**

v.

**Quintino DUARTE, also known as Quintino Dualte, also known as Forentino Reynaldo, also known as Leonel A. Peguero, Defendant–Appellant.**

**Docket No. 02–1066.**

United States Court of Appeals,
Second Circuit.

Argued: Tuesday, April 22, 2003.

Decided: April 24, 2003.

Mark Diamond, New York, NY, for Appellant.

Jennifer G. Rodgers, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Gary Stein, Assis-

tant United States Attorney, of counsel), for Appellee.

Before: CALABRESI, F.I. PARKER, SACK, Circuit Judges.

PER CURIAM.

Defendant–Appellant Quintino Duarte pleaded guilty in the United States District Court for the Southern District of New York (Schwartz, *J.*) to a charge of illegally reentering the United States after having been deported as a result of the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Duarte challenges the sentence imposed by the district court.

■ Duarte contends that his prior conviction under 21 U.S.C. § 843(b) for communications he made in the aid of a conspiracy to distribute cocaine is not a "drug trafficking offense" within the meaning of § 2L1.2 of the Guidelines. For the reasons given by the Eleventh Circuit in *United States v. Orihuela,* 320 F.3d 1302 (11th Cir.2003) (*per curiam* ), we disagree.[1] We therefore affirm the sixteen-level enhancement imposed by the district court pursuant to that provision.

■ Duarte also challenges the district court's refusal to depart from the Sentencing Guidelines. Ordinarily, a district court's refusal to depart from the Guidelines is not appealable. *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996) (*per curiam* ). We will, however, consider appeals in cases where a judge mistakenly believed that he or she was without power to grant a departure. But in order to

---

**1.** In *United States v. Liranzo,* 944 F.2d 73, 78–79 (2d Cir.1991), we decided that a New York criminal conviction for "facilitation" of a drug transaction was not a "controlled substance offense" under § 4B1.2 of the Guidelines. We need not decide whether that decision still applies to § 4B1.2 in light of the various amendments to that section. *Liranzo,* which dealt with a state statute, does not, in any event, control the case before us, in which the defendant's sentence was enhanced as a result of his prior conviction under a federal statute, 21 U.S.C. § 843(b).

disturb the usual presumption against appealability, there must be "clear evidence of a substantial risk that the judge misapprehended the scope" of his or her discretion to depart. *United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000). There is nothing in the record that would indicate the district judge was under such a misapprehension in this case.

We have considered all of the plaintiff's arguments, including those based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and on the claimed ineffectiveness of his trial counsel, and find them meritless. We therefore DISMISS the appeal of the district court's refusal to depart further from the Sentencing Guidelines and otherwise AFFIRM the sentence imposed by the district court.