**UNITED STATES, Appellee,**

v.

**Bernardino Ruiz VALDEZ, also known as Nino, Defendant–Appellant.**

No. 02–1567.

United States Court of Appeals, Second Circuit.

Sept. 16, 2003.

Lawrence D. Gerzog, Law Offices of Lawrence D. Gerzog, New York, NY, for Appellant.

Allen L. Bode, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: MCLAUGHLIN, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED,** and the appeal is in part **DISMISSED.**

Defendant Bernardino Ruiz Valdez appeals from a final judgment entered in the United States District Court for the Eastern District of New York (Charles Proctor Sifton, *Judge*), convicting him, after a guilty plea, on three counts of conspiring to possess with intent to distribute cocaine, and sentencing him to three consecutive 60–month terms of imprisonment. Prior to sentencing, Valdez offered to cooperate with the government, but proffer sessions were initially interrupted by the events of September 11th, then abandoned after federal agents determined that the information being offered by Valdez was insufficiently current or specific. At sentencing he unsuccessfully argued for a downward departure pursuant to U.S.S.G. § 5K2.0, based on his family circumstances and his willingness to offer assistance to the government.

Valdez argues that the district court erred in refusing to depart downward pursuant to § 5K2.0. Because there is no evi-

**48**

dence, let alone clear evidence, that the district court misapprehended the scope of its discretion to depart downward, the court's decision not to depart is unappealable. *See United States v. Duarte,* 327 F.3d 206, 207–08 (2d Cir.2003) (per curiam) ("[I]n order to disturb the usual presumption against appealability, there must be 'clear evidence of a substantial risk that the judge misapprehended the scope' of his or her discretion to depart." (quoting *United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000))).

Valdez argues that he was denied due process of law because the district court failed to order a hearing to resolve factual questions bearing on the requested departure. We review this claim for plain error because he failed to raise it at sentencing. *See United States v. Diaz,* 176 F.3d 52, 117 (2d Cir.1999) ("[I]ssues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of plain errors or defects affecting substantial rights." (internal quotation marks and citations omitted)). Valdez has failed in this appeal to identify disputed material issues of fact relating to his departure motion, and we see no error at all, let alone plain error, in the district court's decision not to conduct a hearing.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED, and the appeal is in part DISMISSED.