UNITED STATES of America,
Appellee,

v.

Giovanni RIGGI, aka "John Riggi," aka "Uncle John," aka "the Eagle," Girolamo Palermo, aka "Jimmy Palermo," Charles Majuri, Stefano Vitabile, aka "Steve Vitabile," Philip Abramo, Francesco Pollizi, aka "johndoe6," Anthony Mannarino, aka "Anthony Marshmallow," aka "Mnthony Marshmallo," Louis Consalvo, aka "Louie Eggs," aka "johndoe8," aka "Frank Scarabino," Gregory Rago, Frank D'Amato, Bernanrd Nicastro, Frank Scarabnio, aka "Franky the Beast," Guiseppe Schifilliti, aka "Pino Schifilliti," Charles Stango, aka "Charlie the Hat," aka "The Mad Hatter," aka "Goombs," aka "Gombsie," Joseph Collina, Sr., Simone Palermo, aka "Daddy," Salvatore Timpani, aka "Sal the Barber," aka "Little Sal," Americo Massa, aka "Mike Massa," Defendants,

Jospeh Brideson, aka "Big Joey," Michael Silvestri, Ruben Malave, Martin Lewis, Defendants–Appellants.

Nos. 03–1235(L), 03–1303(CON), 03–1327(CON), 03–1334(CON).

United States Court of Appeals, Second Circuit.

Dec. 6, 2004.

Michael G. McGovern, Assistant, United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (John M. Hillebrecht, Christine Meding, Karl Metzner, on the brief), for Appellee.

Stephanie M. Carvlin, New York, NY., for Defendant–Appellant Joseph Brideson.

Michael S. Washor, New York, NY, (Nicholas J. Pinto), for Defendant–Appellant Michael Silvestri, of counsel.

Ellyn I. Bank, New York, NY., for Defendant–Appellant Ruben Malave.

Charles Lavine, New York, NY., for Defendant–Appellant Martin Lewis.

PRESENT: OAKES, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants ("Appellants") were indicted in connection with various crimes relating to the murder of Joseph Conigliaro ("Conigliaro"). Joseph Brideson ("Brideson") was charged with participating in a racketeering enterprise, 18 U.S.C. § 1962(c), racketeering conspiracy, 18 U.S.C. § 1962(d), conspiracy to murder and aiding and abetting murder in aid of racketeering, 18 U.S.C. §§ 2 and 1959(a)(1) & (a)(5), conspiring to participate and participation in a loansharking business, 18 U.S.C. §§ 2, 892, 893, and 894, using and carrying a weapon in connection with a crime of violence, 18 U.S.C. § 924(c), and destruction of evidence, 18 U.S.C. §§ 2 and 1512(b)(2)(B). Michael Silvestri ("Silvestri") and Ruben Malave ("Malave") were charged as accessories after the fact to murder, 18 U.S.C. § 3, and Silvestri was also charged with destruction of evidence, 18 U.S.C. §§ 2 and 1512(b)(2)(B). Martin Lewis ("Lewis") was charged with conspiracy to murder and murder in aid of racketeering, 18 U.S.C. §§ 2 and 1512(b)(2)(B), and using and carrying a firearm in connection with that murder, 18 U.S.C. § 924(c). Appellants were convicted on all of the above charges, with the exception of Brideson and Silvestri, who were convicted on all but the destruction of evidence charges against them, on which counts the jury acquitted.

Appellants raise a number of arguments on appeal. As to all issues, we affirm.

Brideson raises the following challenges to the judgment below: 1) that venue was improper in the Southern District as to all charges against him except conspiracy to murder in aid of racketeering; 2) that the district court erred in denying his motion to sever his trial from that of Silvestri; 3) that out-of-court statements obtained by government cooperators were improperly admitted against him in violation of the Sixth Amendment as interpreted in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004); 4) that there was insufficient evidence to find that he engaged in conduct "in aid of racketeering"; and 5) that the district court erred in not allowing him to present evidence and argue to the jury that Conigliaro's death was caused by medical malpractice.

With respect to the first issue, we find that, under our precedents regarding venue for crimes relating to racketeering enterprises and conspiracies, there was sufficient evidence to establish that Brideson's crimes were committed, at least in part, in the Southern District of New York. *See*

*United States v. Saavedra,* 223 F.3d 85, 89 (2d Cir.2000) (holding that racketeering offenses with an "enterprise" element are continuing offenses that may be prosecuted in any district in which such offense was begun, continued, or completed); *United States v. Svoboda,* 347 F.3d 471, 483 (2d Cir.2003) (holding that "in a conspiracy prosecution, venue is proper in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators") (internal quotation and citation omitted).

Regarding severance, we conclude that the district court acted within its discretion in denying Brideson's motion to sever. *See United States v. Feyrer,* 333 F.3d 110, 114 (2d Cir.2003) (stating that decision of whether to sever a trial is committed to the sound discretion of the trial judge). We have stated previously that a district court's determination that defendants may properly be tried jointly should be reversed only if there is a "serious risk that a joint trial [compromised] a specific trial right of the moving defendant or prevent[ed] the jury from making a reliable judgment about guilt or innocence." *United States v. Rosa,* 11 F.3d 315, 341 (2d Cir.1993). And, the Supreme Court has emphasized that any prejudice resulting from joinder will be presumed, absent evidence to the contrary, to be curable through proper jury instructions from the district court. *Zafiro v. United States,* 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Under these standards there was no error in trying Brideson jointly with Silvestri.

Brideson's Confrontation Clause argument is squarely foreclosed by our recent holding in *United States v. Saget,* 377 F.3d

223, 227 (2d Cir.2004). Brideson's sufficiency of the evidence challenge fails as well, under our well-established standards for reviewing such challenges. *See United States v. Payton,* 159 F.3d 49, 56 (2d Cir. 1998); *United States v. Sanchez Solis,* 882 F.2d 693, 696 (2d Cir.1989).

And, as to Brideson's "intervening cause" argument, there was no error, much less plain error, in the district court's instruction to the jury that there was no dispute as to Conigliaro's cause of death. *See* 18 U.S.C. § 1959(a) (specifying that the charged violent crime in aid of racketeering must violate state law or federal law); *United States v. Guillette,* 547 F.2d 743, 749 (2d Cir.1976) (stating that the defendant "is held responsible for all consequences proximately caused by his criminal conduct," even in the case where the defendant's acts "were not the immediate cause of a victim's death," and the death "results from intervening forces or events, such as negligent medical treatment"); *People v. Griffin,* 80 N.Y.2d 723, 726–28, 594 N.Y.S.2d 694, 610 N.E.2d 367 (1993) (holding that an intervening cause of death provides the basis for a defense to murder only where it is the *sole* cause of death); *see also United States v. Thomas,* 377 F.3d 232, 239–40 (2d Cir.2004) (reviewing unobjected-to jury instruction for plain error).[1]

Turning to Silvestri, he raises five arguments: 1) that venue was not proper in the Southern District of New York as to the accessory after the fact charge against him; 2) that he was convicted of being an accessory after the fact on the basis of a constructively amended indictment, in violation of the Fifth Amendment; 3) that the district court improperly denied his

---

1. We received from Brideson a letter pursuant to Fed. R.App. P. 28(j), drawing attention to our recent decision in *United States v. Bruno,* 383 F.3d 65 (2d Cir.2004). We find nothing in *Bruno* that alters our conclusion with respect to any of the issues raised by Brideson.

motion to sever his trial from that of Brideson; 4) that hearsay evidence was improperly admitted against him; 5) that there was insufficient evidence to find beyond a reasonable doubt that he committed the accessorial act with which he was charged; 6) that the prosecutor made improper and prejudicial comments during summation; and 7) that his sentence is invalid under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

The Government raises several theories, many of which were presented for the first time at oral argument, as to why venue over Silvestri's accessory charge was proper in the Southern District. We need not examine the soundness of any particular theory advanced, because we find that, under the circumstances presented, there were sufficient connections between Silvestri's crime and the Southern District such that there was no error in the district court's determination that venue was proper. *See, e.g., United States v. Reed,* 773 F.2d 477, 479–86 (2d Cir.1985).

■ So, too, do we find that Silvestri's constructive amendment argument provides no basis for reversal. Particularly in light of the fact that Silvestri raised no objection on this issue until after trial, neither the evidence presented by the Government at trial nor the district court's jury charge created "a substantial likelihood that [he] may have been convicted of an offense other than that charged in the indictment." *United States v. Delano,* 55 F.3d 720, 729 (2d Cir.1995) (internal quotation and citation omitted); *see also United States v. Vebeliunas,* 76 F.3d 1283, 1290–91 (2d Cir.1996).

Silvestri's severance argument fails under the standards set forth with respect to Brideson. As to his hearsay challenge, we find no clear error in the district court's determination that all of the statements in question were properly admitted under exceptions to the hearsay rule and were sufficiently reliable to satisfy the strictures of the Confrontation Clause. *See United States v. Gigante,* 166 F.3d 75, 82 (2d Cir.1999); *United States v. Matthews,* 20 F.3d 538, 544–46 (2d Cir.1994). Regarding sufficiency of the evidence, we reject Silvestri's challenge on this basis of the same authorities cited as to Brideson, *supra.*

With respect to Silvestri's argument regarding allegedly improper comments by the prosecutor, we conclude that the remarks were not improper, and in any event were not so prejudicial as to deny Silvestri a fair trial. *See United States v. Myerson,* 18 F.3d 153, 162–63 (2d Cir. 1994). And finally, Silvestri's *Blakely* challenge is foreclosed by the reasoning set forth in *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004).

■ Turning next to Malave, we find his challenge to the sufficiency of the evidence against him without merit for largely the reasons stated by the court below in its decision on Malave's post-trial motion, made pursuant to Fed.R.Crim.P. 29. With respect to his sentencing argument, it is well-established that a district court's denial of a motion for downward departure is generally not reviewable on appeal. *United States v. Duarte,* 327 F.3d 206, 207 (2d Cir.2003). We have recognized three exceptions to this rule: when the court misapplies the Guidelines, imposes an illegal sentence, or mistakenly believes that it lacks the authority to depart. *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997). We find no basis for finding any of the above-mentioned exceptions in the case before us, and therefore conclude that the district court's denial of Malave's downward departure motion is unreviewable.

Finally, as to Lewis, we find no merit to his argument that allegedly improper comments made by the prosecutor during closing argument provide a basis for reversal of his conviction, for reasons largely identical to those stated with respect to Silvestri, *supra.*

Accordingly, we AFFIRM the judgment of the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*