**UNITED STATES of America,**
**Appellee,**

v.

**Elias TACHER and Salvador Tacher,**
**Defendants–Appellants.**

**Nos. 03–1792(L), 04–2180–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2004.

Carolyn Pokorny, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Peter A. Norling, on the brief), for Appellee.

Mel A. Sachs, New York, NY, for Defendant–Appellant Elias Tacher.

Randy Scott Zelin, Westbury, N.Y. (Douglas T. Burns, Shaw Licitra Esernio & Schwartz, P.C., Garden City, NY), for Defendant–Appellant Salvador Tacher, of counsel.

Present: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal be and hereby is DISMISSED in part and that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendants–Appellants Elias Tacher and Salvador Tacher (singularly, "Elias" or "Salvador"; collectively, "defendants" or "appellants") were charged with various offenses related to their role in a "pump and dump" securities fraud scheme. Salvador pled guilty to two counts of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, one count of money laundering, in violation of 18 U.S.C. § 1956, and one count of securities fraud, in violation of 15 U.S.C. § 78j(b). Elias pled guilty to two counts of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, eight counts of money laundering and money laundering conspiracy, in violation of 18 U.S.C. § 1956, and one count of securities fraud, in violation of 15 U.S.C. § 78j(b). In exchange for substantial cooperation in the prosecution of other members of the conspiracy, the government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure. At sentencing, after recounting the details of defendants' securities fraud scheme, the court denied the government's motion for a departure after stating that:

> This [conspiracy] was the most horrible thing I have heard in years.... I don't care how much you cry to me that your children need you, your wife needs you, everybody needs you. What about the other people who were defrauded by you? And it would have never stopped until the government grabbed you. This would have continued on forever.... I'm sure I'm known as a lenient Judge on sentencing. I'm angry on this one.... Though I have the right to downwardly depart for everything you said, I am not.

The district court sentenced each of the defendants to 57 months' imprisonment, the very bottom of the 57–71 month range mandated by the Guidelines. Defendants now appeal the district court's decision not

562

to depart, and challenge the validity of their sentences in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

A district court's denial of a motion for downward departure is not reviewable on appeal unless the court (1) misapplies the Guidelines, (2) imposes an illegal sentence, or (3) mistakenly believes that it lacks the authority to depart. *See United States v. Duarte,* 327 F.3d 206, 207 (2d Cir.2003) (per curiam); *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997). We find no basis for any of the above-mentioned exceptions in the case before us, and conclude that the district court's denial of the government's downward departure motion is, therefore, unreviewable.

Appellants also argue that, in light of the Supreme Court's decision in *Blakely,* their sentence is constitutionally infirm. This claim is foreclosed by our opinion in *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004).

Finally, Salvador claims that the district court did not specifically deny the government's motion to depart downward from his sentence. We find no basis for this argument in the record before us. *See United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996).

We have considered all of defendants' arguments and find them to be without merit. The appellants' unreviewable claims are DISMISSED, and the judgment of the district court is AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*