08-3490-cr
United States v. Torres

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

Present:
        HON. PIERRE N. LEVAL,
        HON. BARRINGTON D. PARKER,
        HON. RICHARD C. WESLEY,
            *Circuit Judges,*

_____

United States of America,

       *Appellee,*

          v.                No. 08-3490-cr

Gilbert Torres,

       *Defendant-Appellant.*

_____

For Defendant-Appellant: LAWRENCE GERZOG, New York, New York

For Appellee: LEV L. DASSIN, Acting United States Attorney for the Southern District of New York (Iris Lan & Daniel A. Braun, Assistant United States Attorney, of counsel), New York, New York

_____

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court dated July 11, 2008, be and hereby is **AFFIRMED**.

Gilbert Torres appeals from his sentence of 151 months incarceration followed by 3 years supervised release, imposed by the district court following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute methylenedioxymethamphetamine ("MDMA") under 21 U.S.C. § 846. Torres argues that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Torres makes three arguments on appeal. First, he claims that the district court committed procedural error because although it determined that Torres's sentence was "reasonable," it did not specifically invoke the requirement, under the so-called "parsimony clause" of 18 U.S.C. § 3553(a), that a sentence be "sufficient, but not greater than necessary." Second, he asserts that the district court committed procedural and substantive error when it determined, based on his criminal history, that deterrence required a more severe sentence,

notwithstanding evidence that certain psychiatric conditions contributed to his past crimes.

Third, Torres argues that the district court committed procedural error in failing to consider whether he should receive a downward departure under § 4A1.3 of the Sentencing Guidelines on the ground that his criminal history calculation overstates the likelihood of his recidivism.

We consider all of these arguments to be without merit. First, although the district court did not refer to the parsimony clause of § 3553(a), it need not have done so. *Cf. United States v. Banks*, 464 F.3d 184, 190 ("[T]here is no requirement that the court mention the required factors [under § 3553(a)], much less explain how each factor affected the court's decision."). Second, although Torres claims that the district court committed procedural error by failing to consider his mental health, the sentencing transcript shows that the court explicitly considered the evidence of Torres's psychiatric condition when determining that deterrence required the sentence it imposed. We also find that this factor "can bear the weight assigned to it," *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc), and therefore the district court's consideration of it is not substantively unreasonable. Finally, "a district court's refusal to depart from the Guidelines is [ordinarily] not appealable." *United States v. Duarte*, 327 F.3d 206, 207 (2d Cir. 2003). Although we will consider such an appeal if the district court incorrectly believed it was without the power to grant a departure, *id.*, nothing in the record indicates that the district court suffered from such a misapprehension.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:

_____