11-1508-cr (L)
*United States v. Joseph Brideson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,

> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

> *Appellee,*

v.

JOSEPH BRIDESON, a/k/a "Big Joey",

> *Defendant-Appellant,*

GIOVANNI RIGGI, GIROLAMO PALERMO, CHARLES MAJURI, STEFANO VITABILE, a/k/a Steve Vitabile, PHILIP ABRAMO, FRANCESCO POLIZZI, ANTHONY MANNARINO, LOUIS CONSALVO, GREGORY RAGO, FRANK D'AMATO, BERNARD NICASTRO, FRANK SCARABINO, a/k/a Franky the Beast, GIUSEPPE SCHIFILLITI, CHARLES STANGO, JOSEPH COLLINA, SR., SIMONE PALERMO, SALVATORE TIMPANI, AMERICO MASSA, MARTIN LEWIS, RUBIN MALAVE, MICHAEL SILVESTRI,

> *Defendants.*

Nos. 11-1508-cr (Lead)
11-2138-cr (Con)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    TINA SCHNEIDER, Portland, ME.

**FOR APPELLEE:**    DANIEL B. TEHRANI, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from two orders of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED**.

Defendant-appellant Joseph Brideson appeals from two orders of the District Court, which declined to resentence Brideson pursuant to the procedure set forth in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and denied his motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues presented for review.

We review a district court's sentencing decision for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Gilmore*, 599 F.3d 160, 165 (2d Cir. 2010); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, quotation marks, and brackets omitted)). This standard applies equally to a district court's decision not to resentence a defendant pursuant to *Booker* and *Crosby*. *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007). Here, the District Court determined that resentencing was not required because Brideson was sentenced on one count of conviction to a mandatory minimum life sentence, running concurrently with lesser non-mandatory sentences on other counts. This determination was correct, and therefore clearly not an abuse of discretion. As we observed in *United States v. Sharpley*, 399 F.3d 123 (2d Cir. 2005), where a Guidelines sentence is set in accordance with a statutory mandatory minimum, "any reduction in the calculated Guidelines range" based on *Booker*'s holding that the Guidelines are merely advisory "could not reduce [the defendant's] actual sentence." *Id.* at 127. In cases like this one, any error in the district court's pre-*Booker* sentence "is a prototypical example of harmless error." *Id.*

Brideson argues that he should be resentenced because a fact necessary to support his current sentence—namely, that the victim's death was caused by gunshot wounds—was found by the district judge and not by the jury.[1] As the District Court correctly observed, however, this is not a proper argument for resentencing under *Booker* and *Crosby*, but rather, "a disguised appeal of [Brideson's] 2002 conviction." In fact, Brideson raised this precise argument in his direct appeal of his conviction, and we rejected it. *See United States v. Riggi*, 117 F. App'x 142, 144 (2d Cir. 2004) ("[A]s to Brideson's 'intervening cause' argument, there was no error, much less plain error, in the district court's instruction to the jury that there was no dispute as to Conigliaro's cause of death.").[2] As we have previously held, "the law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court—or that could have been adjudicated by us had the defendant made them—during the initial appeal that led to the *Crosby* remand." *Williams*, 475 F.3d at 475.

## CONCLUSION

We have considered all of Brideson's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the orders of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Then-Chief Judge Michael B. Mukasey presided over Brideson's trial and sentencing. Judge Rakoff inherited the case upon our *Crosby* remand.

[2] Brideson's argument that we misunderstood his argument on direct appeal is both incorrect and beside the point.

3