**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ezequiel ORIHUELA, Defendant–**
**Appellee.**

**No. 02–12289.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 10, 2003.

John Charlton Shipley, Jr., Anne R. Schultz, Miami, FL, Rachel Silber, INS, Office of the Dist. Counsel, Miami, FL, for Plaintiff–appellant.

Timothy Cone, Fed. Pub. Defender's Office, Fort Lauderdale, FL, Kathleen M. Williams and Krista Ann Halla, Fed. Pub. Defenders, Fed. Pub. Defender's Office, Miami, FL, for Defendant–Appellee.

Before EDMONDSON, Chief Judge, DUBINA, Circuit Judge, and HODGES*,

conviction, not the extradition itself, to which the *Heck* rule would apply.

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

District Judge.

PER CURIAM:

The United States Sentencing Guidelines provide, in Section 2L1.2(b)(1)(A) and (B), that when an alien is deported after being convicted of a felony "drug trafficking offense," his later reentry in violation of 8 USC § 1326(a) becomes subject to a substantially enhanced penalty.

■ The question presented by this case is whether a telephone facilitation offense prohibited by 21 USC § 843(b)[1] is a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). The district court said no, and the Government appeals.[2] The issue is one of first impression. We hold that the district court was incorrect and that the judgment must be reversed.

The facts are simple and without dispute. The Appellee, Orihuela, is a native Bolivian, not a citizen of the United States. He was arrested by the F.B.I. in New Jersey in 1992 for conspiracy to distribute a large quantity of cocaine. He cooperated with the authorities, plea bargained

with the Government, and pled guilty to a telephone facilitation offense in violation of 21 USC § 843(b). He was sentenced to 36 months imprisonment and was deported in 1995 after serving that sentence. He attempted to reenter the United States at Miami in August, 2001, and this prosecution then ensued under 8 USC § 1326(a).

Orihuela pled guilty to the charge under 8 USC § 1326(a). The base offense level applicable to the offense of conviction under the Sentencing Guidelines was correctly determined to be level eight. U.S.S.G. § 2L1.2(a). The presentence report recommended, and the Government supported, an enhancement of sixteen offense levels under § 2L1.2(b)(1)(A)[3] because of Orihuela's prior conviction under 21 USC § 843(b).[4] The district court sustained Orihuela's objection to the sixteen level enhancement and imposed, instead, an eight level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) which applies to prior convictions for aggravated felonies that are not drug trafficking offenses.[5]

In the application notes following U.S.S.G. § 2L1.2(b)(1), the term "drug trafficking offense" is defined as:[6]

---

1. Section 843(b) provides, in pertinent part:

   "It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter ..."

   The maximum penalty for this offense is four years imprisonment and a fine of not more than $30,000.00, penalties that are much less severe than those prescribed by 21 USC § 841(b) for the importation or distribution of controlled substances.

2. A district court's interpretation of the Sentencing Guidelines is reviewed *de novo*. *United States v. Lazo–Ortiz*, 136 F.3d 1282, 1284 (11th Cir.1998).

3. U.S.S.G. § 2L1.2(b)(1)(A)(i) provides:

   If the defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felony

that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months ... increase by 16 levels.

4. Addition of the 16 offense levels would have resulted in an adjusted offense level of 24 from which the defendant would have received a reduction of 3 offense levels, in the aggregate, under U.S.S.G. § 3E1.1 for his acceptance of responsibility, producing a total offense level of 21. He was in criminal history category II, and at offense level 21, criminal history category II, the prescribed range of commitment would have been 41–51 months.

5. That ruling resulted in a total offense level of 13, criminal history category II, for which the prescribed sentencing range is 15–21 months. The district court imposed a mid range sentence of 18 months.

6. U.S.S.G. § 2L1.2, comment (n. 1(B)(iii)).

"Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

There are no reported decisions resolving the issue of whether a telephone facilitation crime in violation of 21 USC § 843(b) is within, or beyond, this definition of "drug trafficking offense" as used in Chapter Two of the Sentencing Guidelines. However, in Chapter Four of the Sentencing Guidelines, specifically U.S.S.G. § 4B1.1—the provision requiring enhanced sentences for career offenders—the term "controlled substance offense" is used; and in § 4B1.2(b), that term is defined in substantially the same way as the term "drug trafficking offense" is defined in § 2L1.2(b)(1). Decisions interpreting § 4B1.2(b) would therefore be analogous authorities, and there have been several decisions in other circuits concluding that a telephone facilitation offense in violation of 21 USC § 843(b) is a controlled substance offense within the meaning of § 4B1.2(b). *United States v. Vea–Gonzales*, 999 F.2d 1326 (9th Cir.1993); *United States v. Walton*, 56 F.3d 551 (4th Cir.1995); *United States v. Mueller*, 112 F.3d 277 (7th Cir. 1997); *United States v. Williams* 176 F.3d 714 (3d Cir.1999). In fact, effective November 1, 1997, after the first three of these decisions had been published, the Sentencing Commission specifically amended the application notes following § 4B1.2(b) to codify those decisions by providing that à violation of 21 USC § 843(b) is a controlled substance offense if the facilitated drug offense meets the Guidelines definition of a controlled substance offense. U.S.S.G.App. C, Amend. No. 568, effective November 1, 1997. Significantly, however, the Sentencing Commission did not then make, and has not since made, any amendment of a similar import with respect to the definition of a "drug trafficking offense" in U.S.S.G. § 2L.1.2(b)(1), the guideline we must construe in this case.[7]

Each of the decisions of the other circuits dealing with the definition of a "controlled substance offense" under U.S.S.G. § 4B1.2(b) has relied upon the same rationale in concluding that crimes in violation of 21 USC § 843(b) should be included within that definition. Those courts have looked first to the application notes following § 4B1.2(b) and, more specifically, to the note stating that " 'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." [8] Then, focusing on 21 USC § 843(b), the cases make the point that one of the elements of an offense under § 843(b) is the commission by someone of an underlying controlled substance offense so that, by facilitating that underlying offense, the accused aided and abetted that offense [9] thereby engaging in behavior constituting a controlled substance offense as otherwise defined in the application notes. This rea-

7. This circumstance was one of the features of the case that led the district court to conclude that a "drug trafficking offense" in § 2L1.2(b) is not necessarily the same thing as a "controlled substance offense" in § 4B1.2(b).

8. U.S.S.G. § 4B1.2, comment (n. 1). The application notes following U.S.S.G. § 2L1.2, comment (n. 4), contain the same provision.

9. In *United States v. Rivera*, 775 F.2d 1559, 1562 (11th Cir.1985), quoting *United States v. Phillips*, 664 F.2d 971, 1032 (5th Cir.1981), we said: "In order to establish the facilitation element [under 21 USC § 843(b)] the Government must show that the telephone call comes within the common meaning of facilitate—'to make easier' or less difficult, or to assist or aid."

soning was most succinctly expressed by the Fourth Circuit in *United States v. Walton*, 56 F.3d 551, 555–556 (4th Cir. 1995) as follows:

> We believe that Walton's offense of "us[ing] the public telephone system in committing, causing and facilitating ... the distribution of cocaine and the conspiracy to distribute cocaine," constitutes the aiding and abetting of a § 4B1.2(2) offense, and therefore qualifies as a "controlled substance offense." The distribution of cocaine is clearly a § 4B1.2(2) offense, and using the telephone system in facilitating the distribution of narcotics is equivalent to aiding and abetting that distribution. Walton's § 843(b) conviction therefore was properly considered a "controlled substance offense" by the district court. (Footnote omitted.)

■ We agree with the reasoning of our sister circuits and conclude that, under U.S.S.G. § 2L1.2(b)(1)(A)(i), as it would be under U.S.S.G. § 4B1.2(b), a conviction for an offense in violation of 21 USC § 843(b) can constitute a "drug trafficking offense" where the underlying drug offense was a felony and the sentence imposed for the facilitation crime exceeded 13 months.

It follows that the judgment of the district court is REVERSED and the case REMANDED for resentencing in a manner not inconsistent with this opinion.

REVERSED and REMANDED.