**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOSE NOE JIMENEZ,
            *Defendant-Appellant.*

No. 07-10399

D.C. No.
CR-06-00169-PMP

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted
May 16, 2008—San Francisco, California

Filed July 23, 2008

Before: Betty B. Fletcher and Pamela Ann Rymer,
Circuit Judges, and Kevin Thomas Duffy,*
Senior District Judge.

Opinion by Judge Duffy

*The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

## COUNSEL

Robert A. Bork, Assistant United States Attorney, Las Vegas, Nevada, for appellee the United States of America.

Robert L. Ellman, Appellate Chief, Las Vegas, Nevada, for appellee the United States of America.

Brenda Weksler, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant Jose Noe Jimenez.

Arthur L. Allen, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant Jose Noe Jimenez.

## OPINION

DUFFY, Senior District Judge:

Jose Noe Jimenez ("Jimenez") is a prisoner being temporarily held in Florence, Arizona pending designation to a Bureau of Prisons facility. After pleading guilty to Unlawful Reentry of a Deported Alien, 8 U.S.C. § 1326, Jimenez was sentenced to forty-six months of imprisonment. At sentencing, the district court imposed a sixteen-level enhancement for

Jimenez's two prior convictions of Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b), which the district judge found to be "drug trafficking offenses" pursuant to § 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Jimenez appeals the judgment of the district court, arguing that his prior convictions do not qualify as "drug trafficking offenses" under the Guidelines, but are merely "aggravated felonies" warranting only an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

## FACTS

On October 17, 2000, pursuant to his guilty pleas of September 11, 2000, Jimenez was convicted of two counts of Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) ("§ 843(b)"), in the United States District Court for the District of Nevada. He was sentenced to two forty-eight month terms to run consecutively. Thereafter, Jimenez was deported on November 8, 2005.

On about May 4, 2006, Jimenez was found residing in the United States unlawfully. He eventually pleaded guilty without a plea agreement to one count of Unlawful Reentry of a Deported Alien, 8 U.S.C. § 1326 ("§ 1326"), on May 15, 2007. On July 27, 2007, the district court sentenced Jimenez to forty-six months of imprisonment. In calculating the total offense level, the court applied — over Jimenez's objection — a sixteen-level enhancement because of Jimenez's two prior § 843(b) felony convictions, which the district judge found to be "drug trafficking offenses" for which the Guidelines provide such an enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i).

Jimenez now appeals his sentence arguing that his § 843(b) convictions are not "drug trafficking convictions" under the Guidelines but rather mere "aggravated felonies," for which the Guidelines provide a lesser enhancement pursuant to

U.S.S.G. § 2L1.2(b)(1)(C). In support, Jimenez bases his argument on statutory construction and attempts to distinguish prior case law.

## STANDARD OF REVIEW

We review a district court's decision that a prior conviction is a qualifying offense under the Guidelines de novo. *United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1246 (9th Cir. 2003). One must recognize, however, that we are not writing on a blank page; instead, we are guided by what other circuits have decided.

## ANALYSIS

A)  *A § 843(b) Offense Qualifies as a "Drug Trafficking Offense"*

The Guidelines provide a sentence enhancement of sixteen levels for § 1326 convictions if the defendant has a prior "conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). It is without question that Jimenez's prior § 843(b) convictions were felonies for which he was sentenced in excess of thirteen months as he was sentenced to forty-eight months for each conviction. At issue is whether a § 843(b) offense qualifies as a "drug trafficking offense."

Although this court has yet to address this issue, every circuit to publish an opinion on this issue has ruled that a § 843(b) conviction may qualify as a "drug trafficking offense" for the purpose of enhancing a sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) in a prosecution for a § 1326 violation. *See United States v. Zuñiga-Guerrero*, 460 F.3d 733, 739 (6th Cir. 2006); *United States v. Duarte*, 327 F.3d 206, 207 (2d Cir. 2003)(per curiam); *United States v. Ori-*

*huela*, 320 F.3d 1302, 1305 (11th Cir. 2003)(per curiam).[1] All of these cases rely on the reasoning set forth by the Eleventh Circuit in *Orihuela*, which in turn, relied upon this court's opinion in *United States v. Vea-Gonzales*, 999 F.2d 1326 (9th Cir. 1993), *overruled on other grounds by United States v.* Custis, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

In *Orihuela*, the issue on appeal was identical to that which is presented here: whether a § 843(b) offense qualifies as a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i). 320 F.3d at 1303. The district court in that case refused to apply the sixteen-level enhancement and the Government appealed. *Id.* The Eleventh Circuit — relying upon this court's opinion in *Vea-Gonzales* — held that a § 843(b) conviction can constitute a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(I), and therefore the sixteen-level enhancement applied. *Id.* at 1305.

**[1]** The *Orihuela* court began its analysis by comparing the career offender and prior conviction sentence enhancement provisions of the Guidelines. *Id.* at 1304. The court identified that the career offender enhancement provision, U.S.S.G. § 4B1.1, applies to defendants with at least two prior convictions of a "controlled substance offense," which is defined nearly identically to a "drug trafficking offense" pursuant to U.S.S.G. § 4B1.2(b) and Application Note 1(B)(iv) of § 2L1.2, respectively. This court in *Vea-Gonzales* had already held that a § 843(b) offense qualified as a "controlled substance offense" within the meaning of the career offender enhancement provision. *Id.* Because of the near-identical definitions of "controlled substance offense" and "drug trafficking offense," the Eleventh Circuit held that a § 843(b) conviction could similarly constitute a "drug trafficking offense" for purposes of sentence enhancements. *Id.* at 1305.

---

[1] In an unpublished opinion the Fifth Circuit has also ruled as such. *United States v. Gutierrez-Ortiz*, 86 Fed. Appx. 729, 730 (5th Cir. 2004).

We agree with the Eleventh Circuit's reasoning in *Orihuela* and adopt it as the law of this circuit.[2]

B) *Jimenez's Statutory Construction Argument is Unavailing*

Jimenez primarily relies upon principles of statutory construction in arguing that his prior § 843(b) convictions should not qualify as "drug trafficking offenses." He argues that because the Sentencing Commission specifically amended the Guidelines in 1997 to expressly include a § 843(b) conviction within the meaning of "controlled substance offense," but failed to include it within the meaning of "drug trafficking offense," the Commission specifically intended for a § 843(b) conviction to not qualify as a "drug trafficking offense." Jimenez's argument is unavailing.

**[2]** In *Orihuela*, the Eleventh Circuit implicitly rejected this argument when it acknowledged that the Guidelines were not similarly amended to include a § 843(b) offense within the definition of "drug trafficking offense," a fact that the district court focused upon in refusing to apply the enhancement. *Id.* at 1304 n.7. The 1997 Amendments to the Guidelines codified the *already existing* case law that had recognized § 843(b) convictions as "controlled substance offenses." *Id.* at 1304. At the time of the 1997 Amendments — and continuing until the Eleventh Circuit's decision in *Orihuela* in 2003 — no court had yet decided whether a § 843(b) offense fell within the meaning of "drug trafficking offense." *See id.* ("There are no reported decisions resolving the issue of whether a telephone facilitation crime in violation of [§ 843(b)] is within, or

---

[2]The district court found that Jimenez's conviction qualified as a "drug trafficking offense" under either a categorical or modified categorical approach. We do not believe that all convictions under § 843(b) should be categorically considered a "drug trafficking offense." Here, however, the plea memorandum for Jimenez's § 843 conviction, which was before the district court on sentencing, made clear that the facts underlying his conviction involved the distribution of narcotics.

beyond, this definition of 'drug trafficking offense' as used in Chapter Two of the Sentencing Guidelines."). As *Orihuela* was the first case to decide this issue, there was no case law to codify regarding this issue by 1997. As such, Jimenez cannot demonstrate that the Commission clearly intended to not include § 843(b) convictions within the meaning of "drug trafficking offense" and his statutory construction argument must fail.

C) *Jimenez's Argument that "Facilitation" Cannot Constitute "Aiding and Abetting" is Unavailing*

[3] Jimenez next argues that the Eleventh Circuit's reasoning in *Orihuela* and this court's reasoning in *Vea-Gonzales* are flawed as they both presume that the "facilitation" element of a § 843(b) offense is the equivalent of "aiding and abetting" which is included within the definitions of "controlled substance offense" and "drug trafficking offense." He cites the Ninth Circuit's Model Criminal Jury Instructions in arguing that the Government faces a higher burden in proving "aiding and abetting" than it does in proving "facilitation" of a crime. He points out that for aiding and abetting, the model jury instructions require the Government to prove that the defendant knowingly and intentionally aided another to commit "each element" of the substantive crime, while it need only show that the defendant knowingly and intentionally used a communication facility to "help bring about" the crime for purposes of facilitation under Section 843(b). *See* Model Crim. Jury Instr. 9th Cir. 5.1, 9.25 (2003). While this may be so, we have held that "facilitation" for purposes of § 843(b) amounts to the same thing as "aiding and abetting." *Vea-Gonzales*, 999 F.2d at 1329-30. As *Vea-Gonzales* is controlling, we reject Jimenez's contentions.

## *CONCLUSION*

For the reasons above, we hold that Jimenez's prior convictions under 21 U.S.C. § 843(b) qualify as "drug trafficking

offenses" under § 2L1.2(b)(1)(A)(i) of the Guidelines, as reasoned in *United States v. Orihuela*, 320 F.3d 1302, 1305 (11th Cir. 2003), and therefore affirm the district court's judgment as to Jimenez.

**AFFIRMED.**