# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-30192
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDUARDO PILLADO-CHAPARRO, also known as Eduardo
Martinez-Gonzalez

Defendant-Appellant

Appeal from the United States District Court
for the Middle  District of Louisiana

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:

Eduardo Pillado-Chaparro (Pillado) pleaded guilty to illegal reentry into the United States after previously being deported, in violation of 8 U.S.C. § 1326. The presentence report (PSR) assigned Pillado a base offense level of eight for violating § 1326. His base offense level was enhanced by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because he had a prior 21 U.S.C. § 843(b) conviction for using a telephone to facilitate a conspiracy to distribute marijuana "and/or" cocaine, a "drug trafficking offense." Pillado received three levels of credit for acceptance of responsibility, for a total offense level of 21. With a criminal history category of II, the advisory guidelines range was 41 to 51 months of imprisonment.

Pillado argues that the district court erred in imposing a 16-level enhancement under § 2L1.2(b)(1)(A)(i) based on his § 843(b) conviction, contending that a § 843(b) conviction does not constitute a "drug trafficking offense" under the guideline. We review de novo the district court's interpretation and application of the guideline. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Section 2L1.2 provides for a 16-level increase in the base offense level for defendants convicted of illegal reentry if the defendant has previously been convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." § 2L1.2(b)(1)(A)(i). "Drug trafficking offense" is defined as follows: "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, cmt. (n.1(B)(iv)).

We employ the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602, (1990), to determine whether a prior conviction qualifies as a drug trafficking offense under § 2L1.2. United States v. Rodriguez, 523 F.3d 519, 524 (5th Cir.), petition for cert. filed (No. 08-5101) (June 30, 2008). In so doing, we look to the elements of the prior offense, rather than to the facts underlying the conviction. Id. If the statute of conviction contains multiple disjunctive sections which prohibit conduct that will support a sentence enhancement and other conduct that will not, we may look to, inter alia, the charging paper to determine which section applies to the defendant's conviction. Id. A court may not, however, look to the PSR's characterization of the offense to make its determination regarding the propriety of the enhancement. United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005).

The issue whether a § 843(b) conviction constitutes a drug trafficking offense under § 2L1.2(b)(1)(A)(i) is res nova in this circuit. The Eleventh Circuit was the first of four circuits to address the issue and hold that a prior conviction

for use of a communication facility meets the definition of "drug trafficking offense" and supports the 16-level enhancement in § 2L1.2(b)(1)(A). See United States v. Orihuela, 320 F.3d 1302, 1305 (11th Cir. 2003); see also United States v. Jimenez, __ F. 3d. __, No. 2008 WL 2813046, **1-4 (9th Cir. July 23, 2008); United States v. Zuniga-Guerrero, 460 F.3d 733, 739 (6th Cir. 2006), cert. denied, 127 S. Ct. 1011 (2007); United States v. Duarte, 327 F.3d 206, 207 (2d Cir. 2003). We find Orihuela persuasive and now join our sister circuits in holding that a § 843(b) conviction constitutes a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i).

In Orihuela, the court analogized the definition of "drug trafficking offense" with the definition of "controlled substance offense" under the career criminal enhancement provision in § 4B1.2(b), noting that § 4B1.2(b) defines the term "controlled substance offense"[1] in substantially the same way as § 2L1.2 defines the term "drug trafficking offense" and, thus, decisions interpreting § 4B1.2(b) would therefore be analogous authorities. 320 F.3d at 1304; see also United States v. Le, 512 F.3d 128, 135 & n.3 (5th Cir. 2007) (recognizing that cases discussing § 4B1.2(b)'s definition of "controlled substance offense" and § 2L1.2's definition of "drug trafficking offense" are cited interchangeably because the language is identical), petition for cert filed (No. 07-10662) (Apr. 28, 2008). The court noted that several circuits had recognized that telephone facilitation offenses were controlled substance offenses under § 4B1.2(b) and that the Sentencing Commission had codified these findings in U.S.S.G. App. C, Amend. No. 568 (1997). Orihuela, 320 F.3d at 1304. It also determined that because a § 843(b) offense involves the facilitation of an underlying controlled

---

[1] Section 4B1.2 defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b).

substance offense, it results in the offender's aiding and abetting of the underlying offense, which thereby constitutes engaging in a controlled substance offense. Id. at 1304-05; cf. United States v. Mankins, 135 F.3d 946, 949 (5th Cir. 1998) (holding that an element of a § 843(b) offense is the defendant's commission of an independent drug crime or facilitation of such a crime). Pillado's indictment clearly charged that he facilitated the commission of an independent drug crime in violation of § 843(b). Accordingly, the district court's imposition of the 16-level enhancement was a proper interpretation and application of the Guidelines.

Pillado additionally argues, for the first time on appeal, that in applying the enhancement, the district court erred in adopting the probation officer's response to his sentencing objection and, additionally, that the district court erred in relying on the indictment and PSR as factual bases for the enhancement. Review of these arguments is for plain error only. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). The facts charged in the applicable paragraph of the indictment are plainly sufficient to support the enhancement; that Pillado facilitated the commission of an independent drug crime, conspiracy to distribute marijuana and cocaine. See Mankins, 135 F.3d at 949. He has therefore shown no error on the part of the district court in this regard.

Pillado also has not shown that the district court plainly erred in adopting the probation officer's response to his sentencing objection, which response analogized the definition of "drug trafficking offense" in § 2L1.2 with the definition of "controlled substance offense" in § 4B1.2(b). As previously discussed, § 4B1.2(b)'s definition of "controlled substance offense" is the same language used in the definition of "drug trafficking offense" under § 2L1.2, cmt. (n.1(B)(iv)), and, therefore, cases discussing these definitions are cited interchangeably. See Le, 512 F.3d at 135 & n.3.

To the extent that the district court relied on the PSR in support of the enhancement, such reliance constituted error. Garza-Lopez, 410 F.3d at 274.

4

Nevertheless, because the indictment alone provided a sufficient basis for the enhancement, the error did not affect Pillado's substantial rights because he suffered no prejudice therefrom.  Therefore, he has not demonstrated reversible plain error.  See Mares, 402 F.3d at 520-21.

For the foregoing reasons, the judgment of the district court is AFFIRMED.