**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-41313

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO HENAO-MELO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:08-CR-1260-ALL

Before JONES, Chief Judge, SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Armando Henao-Melo pleaded guilty to being found unlawfully in the United States following deportation. The district court enhanced the sentence under the drug trafficking offense provision in U.S.S.G. § 2L1.2(b)(1)(A)(i) based on a previous conviction for use of a telephone to facilitate the commission of a narcotics offense, 21 U.S.C. § 843(b). Henao-Melo contends, in relevant part,

that the court erred in applying the drug trafficking enhancement, because the government failed to provide sufficient documentation to establish that the particular narcotics offense he facilitated was a drug trafficking offense. We agree. Nevertheless, because the error was not plain, we affirm.

## I.

The presentence report ("PSR") assessed a base offense level of 8, which the court increased under § 2L1.2(b)(1)(A)(i), which provides a 16-level increase for a prior felony conviction of drug trafficking for which the sentence imposed exceeded 13 months.[1] After a two-level reduction for acceptance of responsibility, the offense level was 22. That score, combined with the criminal history category of II, resulted in a guideline imprisonment range of 41 to 51 months.

Henao-Melo filed several objections. In relevant part, he argued that the government had failed to produce sufficient evidence to establish the prior conviction used as the basis for the enhancement. In the event the government produced such evidence, Henao-Melo argued that the elements of § 843(b) do not meet the definition of a drug trafficking offense for purposes of § 2L1.2(b)(1)-(A)(i). Henao-Melo recognized that that argument was foreclosed by *United States v. Pillado-Chaparro*, 543 F.3d 202 (5th Cir. 2008) (per curiam), *cert. denied*, 129 S. Ct. 2766 (2009), but he raised it to preserve it for further review.

At sentencing, Henao-Melo acknowledged that the supporting documentation had been produced, and the court overruled the objection to the enhancement. The court granted the government's request for an additional one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b) and a two-level

---

[1] "If the defendant previously was deported, or unlawfully remained in the United States, after . . . (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels." U.S.S.G. § 2L1.2(b)(1) (emphasis removed).

reduction for early disposition pursuant to § 5K3.1. Those adjustments resulted in a revised total offense level of 19 and guidelines imprisonment range of 33 to 41 months. The court sentenced Henao-Melo to 33 months' imprisonment and two years' supervised release.

## II.

Henao-Melo argues that the district court erred by enhancing his offense level under § 2L1.2(b)(1)(A)(i) based on his § 843(b) conviction for use of a telephone to facilitate a narcotics offense. Specifically, he contends that the government failed to prove that the narcotics offense he facilitated was a drug trafficking offense.

## A.

The government avers that Henao-Melo waived the issue by acknowledging that the appropriate documentation had been proffered to establish his § 843(b) conviction. At the sentencing hearing, Henao-Melo (through his attorney) stated, "Your Honor, I had an objection to the 16 level upward adjustment. I realize the documentation's been provided, I also realize what this Circuit has recently held on the subject. We're just preserving the issue, your Honor."

A closer inspection of the record, however, shows that Henao-Melo's statement that "the documentation's been provided" was in reference to his earlier written objection to the PSR, in which he argued that the government had failed to provide sufficient evidence to establish his § 843(b) conviction in the first place. That is distinct from Henao-Melo's current argument on appeal, that the government failed to provide sufficient evidence that the underlying narcotics offense in his § 843(b) conviction was a drug trafficking offense for purposes of § 2L1.2(b)(1)(A)(i).

Essentially, Henao-Melo has, at one point or another, raised three argu-

ments concerning § 843(b): (1) The government failed to produce evidence sufficient to establish a prior § 843(b) conviction; (2) the government failed to produce evidence sufficient to establish that the narcotics offense he facilitated in his prior § 843(b) conviction constituted a drug trafficking offense; and (3) § 843(b) convictions are not drug trafficking offenses, because the statutory elements do not match the guidelines' definition. Henao-Melo raised arguments (1) and (3) in his written objections to the PSR. At the sentencing hearing, after the government had produced his earlier § 843(b) judgment, he dropped argument (1) and acknowledged that argument (3) is foreclosed by circuit precedent. At no point, however, did he raise argument (2) before the district court; he does so for the first time on appeal.

Taken alone, Henao-Melo's statement that "the documentation's been provided" would understandably lead a court to believe that he implicitly admitted that no more documentation was needed to justify the enhancement. His statement, however, must be interpreted in the context of his prior written objections. Based on the record, the issue he raises on appeal is sufficiently distinct from the one he voiced in the district court that it does not fall under the coverage of his admission.

Finally, confusing though the statement may have been, the record does not show that Henao-Melo knew about his current alleged legal error at sentencing. "[W]aiver is the intentional relinquishment of a *known* right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (emphasis added); *see also United States v. Alfaro*, 408 F.3d 204, 207 n.1 (5th Cir. 2005). By not raising the issue before the district court, Henao-Melo forfeited it.

## B.

This court reviews *de novo* a district court's conclusion that a prior conviction constitutes a drug trafficking offense. *United States v. Gutierrez-Ramir-*

*ez*, 405 F.3d 352, 355-56 (5th Cir. 2005). Because, however, Henao-Melo failed to object and thus did not call the district court's attention to the alleged error, *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994), we review only for plain error, *United States v. Garcia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002).

Plain error arises where "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). Even then, this court does not exercise its discretion to correct the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *id.* at 359, and "result[s] in a miscarriage of justice," *United States v. Surasky*, 974 F.2d 19, 21 (5th Cir. 1992).

## 1.

We employ a categorical approach to determine whether a prior conviction qualifies as a drug trafficking offense under § 2L1.2.[2] Under that approach, the court first "looks to the elements of [the] prior offense, rather than to the facts underlying the conviction . . . ." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). In some instances, the judgment alone may be sufficient.[3] But, if necessary, the court may consider such reliable documents as the charging instrument, plea agreement, or jury instructions,[4] *id.*, but may not rely solely on

---

[2] *See, e.g.*, *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

[3] *See, e.g.*, *United States v. Gonzalez*, 312 F. App'x 618, 620 (5th Cir.), *cert. denied*, 130 S. Ct. 291 (2009). (Unpublished opinions issued on or after January 1, 1996, are not precedent. 5TH CIR. R. 47.5.4.)

[4] *Cf. Shepard v. United States*, 544 U.S. 13, 16 (2005) ("[T]he statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented [constitute sufficiently reliable evidence].").

the PSR, *see Garza-Lopez*, 410 F.3d at 274.

The sentencing court had a copy of the § 843(b) judgment describing the pleaded-to offense as "use of a telephone to facilitate a narcotics offense, a Class E felony"––a description that merely restates the statutory elements of § 843(b).[5] The court also had the PSR, which is more illuminating. It states, in relevant part, that "Eugenio Melo was involved in a conspiracy that imported heroin from Colombia into the United States for further distribution. Eugenio Melo directed the drug activities of this [sic] brothers, Fernando Melo and Armando [Henao-] Melo . . . ." That is all the documentation the government produced. The court did not have a copy of the indictment, any of the underlying indictments, a plea agreement, or any other document to support the enhancement.

The government does not contend that the court could rely solely on the details in the PSR to establish sufficient facts to impose the § 2L1.2 enhancement. And with good reason.[6] Rather, it urges us to hold that *Pillado-Chaparro* stands for the proposition that the additional information contained in Henao-Melo's PSR is irrelevant to the enhancement inquiry. Under the government's reading of *Pillado-Chaparro*, all § 843(b) convictions for which the sentence exceeded thirteen months count as drug trafficking offenses under § 2L1.2(b)(1)-(A)(i). Thus, by the government's logic, the mere judgment alone in the instant

---

[5] Section 843(b) provides, in relevant part, that "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter." That is to say, "§ 843(b) requires proof that a defendant (1) knowingly or intentionally (2) used a communication facility (3) to facilitate the commission of a drug offense." *United States v. Mankins*, 135 F.3d 946, 949 (5th Cir. 1998).

[6] *See, e.g.*, *Garza-Lopez*, 410 F.3d at 273-74 ("While the probation officer's factual narrative in the PSR suggests that Garza-Lopez was convicted of a 'drug trafficking offense,' the district court was not permitted to rely on the PSR's characterization of the offense in order to make its determination of whether it was a 'drug trafficking offense.'"); *cf. United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006) (§ 2L1.2(b)(1)(A)(ii)) ("Relying on the PSR alone was clearly and obviously erroneous, as doing so conflicted with both *Taylor* and *Shepard* as well as the underlying themes of the categorical approach.").

case is sufficient to support the enhancement. That reading of *Pillado-Chapparo* is too broad.

In *Pillado-Chaparro*, we held that a § 843(b) conviction can constitute drug trafficking for purposes of enhancement under § 2L1.2(b)(1)(A)(i). For persuasive support, we relied on *United States v. Orihuela*, 320 F.3d 1302 (11th Cir. 2003), which analogized the § 2L1.2 definition of "drug trafficking offense" to the nearly identical § 4B1.2 definition of "controlled substance offense,"[7] thereby importing the more extensive § 4B1.2 caselaw, to conclude that a § 843(b) conviction can fall under § 2L1.2. There is, admittedly, some broad language in *Pillado-Chapparo* that might seem to suggest the government's conclusion.[8] Language that is just as similarly broad can be found in *Orihuela*.[9]

Nevertheless, it would be incorrect to read *Pillado-Chaparro* so broadly as to say that all § 843(b) convictions for which the sentence imposed exceeded thirteen months are necessarily drug trafficking offenses, no matter the particulars of the underlying felony narcotics offense. In that case, 543 F.3d at 205, we were careful to note that "[t]he facts charged in the applicable paragraph of the indict-

---

[7] *Compare* U.S.S.G. § 2L1.2 cmt. 1(B)(iv) ("'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.") *with* U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). Given the similarities, we cite cases interpreting one or the other interchangeably. *See, e.g.*, *Pillado-Chaparro*, 543 F.3d at 204-05; *United States v. Gutierrez*, 304 F. App'x 331, 332 (5th Cir. 2008).

[8] *See, e.g.*, *Pillado-Chaparro*, 543 F.3d at 204 ("We find *Orihuela* persuasive and now join our sister circuits in holding that a § 843(b) conviction constitutes a 'drug trafficking offense' under § 2L1.2(b)(1)(A)(i).").

[9] *See, e.g.*, *Orihuela*, 320 F.3d at 1304-05 ("[A] conviction for an offense in violation of 21 U.S.C. § 843(b) can constitute a 'drug trafficking offense' where the underlying drug offense was a felony and the sentence imposed for the facilitation crime exceeded 13 months.").

ment are plainly sufficient to support the enhancement; that Pillado-Chaparro facilitated the commission of an independent drug crime, conspiracy to distribute marijuana and cocaine." The government there did not point to the mere fact of a § 843(b) conviction to justify the enhancement but instead produced a sufficiently-detailed indictment containing a reference to an underlying offense that falls within § 2L1.2's definition of drug trafficking.

The logic of *Orihuela* requires the government to show that the underlying drug crime amounts to drug trafficking. The court in *Orihuela*, 320 F.3d at 1304, pointed to a recent amendment to § 4B1.2[10] as support for the proposition that a § 843(b) conviction can be a controlled substance offense––and, by extension, a drug trafficking offense. That amendment "codif[ied] [prior] decisions by providing that a violation of 21 U.S.C. § 843(b) is a controlled substance offense if the facilitated drug offense meets the Guidelines definition of a controlled substance offense." *Id.* at 1304-05. It is, therefore, not the defendant's act of facilitation that can constitute a controlled substance or drug trafficking offense, but, rather, the underlying crime that he facilitated that can do so.[11]

Additionally, the court in *Oriheula* recognized the need for that underlying offense to fit the definition of a controlled substance offense. Take, for instance,

---

[10] U.S.S.G. App. C, Amend. No. 568 (Nov. 1, 1997); *see* U.S.S.G. § 4B1.2 cmt. 1 ("Using a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a 'controlled substance offense.'").

[11] This makes the government's reliance at oral argument on *United States v. Abuelhawa*, 129 S. Ct. 2102 (2009), perplexing. There, the Court determined that the use of a telephone to make a misdemeanor drug purchase does not constitute facilitation of the underlying felony of drug distribution. *Id.* at 2106-08. Thus, in the wake of *Abuelhawa*, a mere buyer cannot be convicted of § 843(b) on the theory that he facilitated the dealer's crime of selling drugs by being a purchaser.

That has nothing to do with the issue in the instant case. Our focus is not on the specific conduct of Henao-Melo that constituted facilitation, but rather on the underlying offense that he facilitated.

its reference to *United States v. Walton*, 56 F.3d 551 (4th Cir. 1995). Praising its succinct reasoning, the *Orihuela* court quotes *Walton*:

> We believe that Walton's offense of "us[ing] the public telephone sys-
> tem in committing, causing and facilitating . . . the distribution of
> cocaine and the conspiracy to distribute cocaine," constitutes the
> aiding and abetting of a § 4B1.2(2) offense, and therefore qualified
> as a "controlled substance offense." The distribution of cocaine is
> clearly a § 4B1.2(2) offense, and using the telephone system in facili-
> tating the distribution of narcotics is equivalent to aiding and abet-
> ting that distribution.

*Orihuela*, 320 F.3d at 1305 (quoting *Walton*, 56 F.3d at 555-56).[12] That is to say, a § 843(b) violation is a controlled substance offense only if "the offense of convic-tion established that the underlying offense (the offense committed, caused, or facilitated) was a 'controlled substance offense.'" U.S.S.G. § 4B1.2 cmt. 1. Per the analogy to drug trafficking offenses, a § 843(b) violation is, therefore, a drug trafficking offense only if the underlying offense was a drug trafficking offense.

Of course, all this focus on the particulars of the underlying offense is purely academic if the "act or acts constituting a felony" in § 843(b) by necessity satisfy the guidelines definition of drug trafficking. But that is not the case. "A conviction under § 843(b) requires proof that a defendant (1) knowingly or inten-tionally (2) used a communications facility (3) to facilitate the commission of a *drug offense*." *Mankins*, 135 F.3d at 949. A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." *Id.* (quoting 21 U.S.C. § 802(44)).

By contrast, a drug trafficking offense is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dis-

---

[12] *See also* U.S.S.G. § 4B1.2 cmt. 1 (requiring, by its plain terms, that the underlying felony drug crime constitute a controlled substance offense).

pensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. 1(B)(iv). The takeaway: Not all felony drug offenses are drug trafficking offenses.

As Henao-Melo points out, § 843(b) includes among its prohibited offenses the simple possession of flunitrazepam, more than five grams of cocaine base, or the subsequent possession of any prohibited drug after a prior conviction of possessing it. 21 U.S.C. § 844(a). Thus, someone convicted of using a telephone to facilitate a narcotics offense under § 843(b) could be guilty of doing nothing more than using a phone to facilitate the possession of five or more grams of cocaine. A bad act, to be sure, but not drug trafficking.[13]

Then-Judge Alito recognized as much. In the course of upholding the particular enhancement at issue in light of a detailed plea agreement identifying the underlying crime as a "controlled substance offense," *United States v. Williams*, 176 F.3d 714, 717 n.3 (3d Cir. 1999), he noted,

> We avoid concluding that all § 843(b) convictions are 'controlled substance offense[s]' because a defendant could be convicted under § 843(b) without engaging in any of the activities enumerated in § 4B1.2(2). For example, in certain circumstances, the mere possession of a controlled substance can be considered a felony under 21 U.S.C. § 844(a) . . . . Such a conviction would not constitute a 'controlled substance offense' because simple possession is not 'an offense under a . . . law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(2).

Section 843(b) doubtless prohibits the facilitation of many narcotics offenses that fall within the confines of the § 2L1.2 drug trafficking definition. But

---

[13] *See, e.g.*, *United States v. Caicedo-Cuero*, 312 F.3d 697, 707 (5th Cir. 2002) ("[The definition of 'drug trafficking offense' in § 2L1.2] clearly excludes simple possession of a controlled substance."); *see generally* U.S.S.G. § 2L1.2 cmt. 1(B)(iv).

it also proscribes offenses that fall outside that definition. As the Court noted in *Shepard*, 544 U.S. at 24, 26, *Taylor* demands certainty when determining whether a past guilty plea "necessarily admitted elements of the generic offense." Given only that Henao-Melo pleaded guilty to a § 843(b) offense, the court could not conclude with the requisite certainty that he facilitated the kind of narcotics offense that constitutes drug trafficking in order to support the § 2L1.2(b)(1)(A)(i) drug trafficking enhancement.[14]

When confronted with a statute that is broader than the enhancement's definition, the government must provide sufficient documentation so that the court can ensure that the defendant's specific crime qualifies for the enhancement. For instance, the government in *Pillado-Chaparro* produced an indictment that mentioned a "conspiracy to distribute marijuana and cocaine." *Pillado-Chaparro*, 543 F.3d at 205. The government in *Rodriguez-Duberney* provided a similar charging document. *Rodriguez-Duberney*, 326 F.3d at 617. The court in *Gutierrez* had before it "a judgment of conviction that expressly state[d] that Gutierrez pled guilty to distribution . . . by possession with intent to distribute . . . ." *Gutierrez*, 304 F. App'x at 333-34.

Here, by contrast, the court had only the details contained in the PSR, which it could not rely on, and a judgment that did nothing more than track the language of the statute. A similar situation occurred in *Gutierrez-Ramirez*, in which, 405 F.3d at 359, we found a § 2L1.2(b)(1)(A)(i) sentencing enhancement invalid because of insufficient documentation that the defendant's California state law conviction constituted a drug trafficking crime. There, as here, the document "merely track[ed] the language of the statute." *Id.* And with a "record [that] contain[ed] no other evidence to narrow Gutierrez-Ramirez's . . . conviction

---

[14] *Cf. United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004) ("If an indictment is silent as to the offender's actual conduct, we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction.").

to permit a determination whether it qualifies as a 'drug trafficking offense,'" there, also as here, "the district court erred in imposing the 16-level enhancement . . . ." *Id.*; *see also United States v. Rodriguez-Ibarra*, 180 F. App'x 513, 513-14 (5th Cir. 2006).

In summary, § 843(b) prohibits some conduct that does not fall within the § 2L1.2 definition of drug trafficking. The government did not present sufficient information from reliable documents to establish that Henao-Melo's § 843(b) violation fell within that definition. Consequently, the application of the enhancement is error.

2.

On this record, error alone is not enough to reverse. That error must also have been plain.

As we already noted, there is language in *Pillado-Chaparro* that lends support to the government's broad interpretation. It would have been understandable, if incorrect, for the court to have considered that case as establishing that all § 843(b) convictions for which the sentence imposed exceeded thirteen months qualified for § 2L1.2(b)(1)(A)(i) enhancement without further inquiry into the nature of the underlying narcotics offense. Our contrary conclusion is reached "only by a careful parsing of all the relevant authorities, including the sentencing guidelines and applicable decisions." *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009). The error here was not "obvious," "clear," or "readily apparent," such that the court was "derelict in countenancing [it] . . . even absent the defendant's timely assistance in detecting [it]." *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) (citations omitted).

Indeed, Henao-Melo went beyond merely failing to assist the district court in detecting the error. Though the record indicates that he did not waive his argument––because he had no knowledge of the present legal issue, and because

12

his statement was actually in reference to a different, earlier argument––that does not mean that his statement would not confuse a court. It is not quite the same as merely standing mute. As we said in *United States v. Ruiz-Arriaga*, 565 F.3d 280, 283 (5th Cir.), *cert. denied*, 130 S. Ct. 227 (2009), "[s]entencing under the Guidelines is so complex . . . that the court should not be faulted for 'plain' error when counsel's affirmative statements allay any possible concern." The error was not plain.

### III.

Henao-Melo also contends that a § 843(b) conviction cannot constitute drug trafficking for purposes of sentencing enhancement, because the elements of § 843(b) do not match the definition of "drug trafficking offense" in § 2L1.2. "[W[e review *de novo* the district court's interpretation of the guidelines." *United States v. O'Banion*, 943 F.2d 1422, 1431 (5th Cir. 1991). As Henao-Melo readily admits, that contention is foreclosed by *Pillado-Chaparro*.

The judgment is AFFIRMED.