# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

No. 13-40592
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO GOMEZ-MARTINEZ, also known as Jhonathan Adison Guevara-Tovar, also known as Julio Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-101-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ernesto Gomez-Martinez appeals the sentence imposed following his guilty plea conviction for being found in the United States after a previous deportation in violation of 8 U.S.C. § 1326. He argues that the district court plainly erred by enhancing his sentence based on a finding that his 2004 conviction under Ohio Revised Code § 2925.03(A)(2) was a felony drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40592

trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i).  In support of his argument, Gomez-Martinez contends that § 2925.03(A)(2) criminalizes activity that does not fall within the definition of a drug trafficking offense under § 2L1.2 because the terms "sale" and "resale," which are used in § 2925.03(A)(2), incorporate not only commercial dealing but also giving or offering to give away controlled substances.  In contrast, he contends that the definition of a drug trafficking offense in the commentary to § 2L1.2 does not encompasses giving or offering to give away controlled substances.

Because Gomez-Martinez did not raise his instant arguments in the district court, our review is for plain error.  *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009).  To prevail, he must show a forfeited error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Gomez-Martinez makes this showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Even if it were true that § 2925.03(A)(2) criminalizes giving away or offering to give away controlled substances, for no remuneration, we have "not conclusively answered the question of whether a conviction for giving away or offering to give away a controlled substance constitutes a drug trafficking offense" under § 2L1.2 of the 2012 version of the Sentencing Guidelines at issue herein.  *See United States v. Perez-Melgarejo*, No. 13-40157, 2014 WL 129393, *2 (5th Cir. Jan. 15, 2014).  Although the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), addressed whether an alien's prior Georgia conviction for possession of 1.3 gram of marijuana with intent to distribute constituted an aggravated felony under immigration law, we have not yet decided the effect of *Moncrieffe*, if any, in determining whether a prior

2

conviction for giving away a small amount of a controlled substance constitutes a drug trafficking offense for purposes of applying the offense level enhancements of § 2L1.2.

Because this issue is subject to reasonable debate, *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009), and the error is not readily apparent, *see Henao-Melo*, 591 F.3d at 806, the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement herein, if erroneous, did not constitute clear or obvious error. Accordingly, Gomez-Martinez cannot satisfy the second prong of the plain error inquiry, *see Puckett*, 556 U.S. at 135, and we AFFIRM the district court's judgment.