# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3669

_____

United States of America

*Plaintiff - Appellee*

v.

Mantrel Deshun Young, originally named as Montrell Deshun Young

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 5, 2017
Filed: November 3, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Mantrel Young challenges the 120 month sentence the district court[1] imposed following his conviction for conspiracy to

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

possess and distribute cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. In particular, Young argues his 2004 conviction for using a communication device to facilitate a drug transaction under 21 U.S.C. § 843(b) does not qualify as a "controlled substance offense" for purposes of the career offender enhancement, see U.S.S.G. § 4B1.2(b).

Not all § 843(b) offenses qualify as "controlled substance offenses," see United States v. Henao-Melo, 591 F.3d 798, 805 (5th Cir. 2009).  A § 843(b) offense is a "controlled substance offense" "if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a controlled substance offense," U.S.S.G. § 4B1.2 cmt. n.1 (2016) (quotation omitted).  We conclude that it was not plain error when the district court determined that Young's 2004 conviction did so qualify, particularly because Young's attorney only generally objected to that determination and conceded that his offense did qualify under current case law.  See U.S. v. Grimes, 702 F.3d 460, 469-70 (applying plain error review); Henao-Melo, 591 F.3d at 800-01 (reviewing for plain error because defendant did not specifically argue at sentencing that government failed to produce sufficient evidence that prior § 843(b) conviction constituted drug trafficking offense).

Accordingly, we affirm.

_____