# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40992

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

MARK A. REZA,

   Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:13-CR-16-1

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant Mark Reza challenges his prison sentence imposed by the district court for violating the terms of his supervised release agreement. Reza contends that his due process rights were violated when the court admitted hearsay testimony containing domestic violence allegations by Reza's girlfriend. The district court relied on that testimony, among other evidence, to determine that Reza more likely than not committed a Grade A violation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40992

his supervised release agreement, sending him back to prison for a term of twenty-one months. For the reasons set forth in this opinion, we AFFIRM.

I

Reza pleaded guilty in July 2013 to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to thirty-seven months in prison, followed by three years of supervised release. The court imposed multiple conditions on Reza's supervised release, including that Reza participate in a mental health program and refrain from committing another state, federal, or local crime. Reza completed his prison term and began supervised release in March 2016.

In September 2017, Reza's probation officer filed a petition to revoke his supervised release based on three alleged violations: (1) Reza was charged with a March 8, 2017 state law violation in Harris County for assault domestic violence; (2) Reza was charged with a September 12, 2017 state law violation in Harris County for burglary with intent to commit assault; and (3) Reza failed to comply with the rules and regulations of his court-ordered mental health program and was discharged from the program. Reza admitted violation (3), a Grade C violation of his supervised release with a sentencing range of 5–11 months in prison, but he denied violations (1) and (2) by remaining silent.

The district court chose to hold an evidentiary hearing regarding violations (1) and (2) to determine whether those allegations satisfied the preponderance of the evidence standard required to revoke supervised release. Ultimately, the court found that violation (2) was proven by a preponderance of the evidence, but violation (1) was not. Violation (2) is a Grade A violation of Reza's supervised release, increasing his sentencing guideline range to 18–24 months. The hearsay testimony used to establish violation (2) is the subject of this appeal.

No. 17-40992

Violation (2) stems from a September 11, 2017 incident in which police responded to a report of domestic violence at the home of Reza's girlfriend. When the police arrived, they observed swelling on Reza's girlfriend's face and damage to both the front door of her home and the doorframe of her master bedroom. Reza's girlfriend told police that Reza had broken into the home, kicked open the master bedroom door, and hit her with a closed fist as she attempted to call 911. She later provided a written statement recounting these facts with no discrepancies. The government introduced the statement at Reza's revocation hearing, and Reza objected on due process grounds because he did not have the ability to cross-examine his accuser. The court overruled his objection, citing the reliability of the witness and the presence of other evidence to corroborate her statement. Reza did not raise a Rule 32.1 objection at the hearing.

Reza now appeals the ruling admitting his girlfriend's testimony and argues that his sentence should be reduced by ten months to reflect the 5–11 month sentencing range permitted by his admission to Violation (3).

II

This court reviews a preserved claim that the district court violated a defendant's due process right to confrontation in a revocation hearing *de novo*, subject to a harmless error analysis. *United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016) (citation omitted). "Arguments raised for the first time on appeal," such as Reza's Rule 32.1 claim, "are subject to the plain error standard." *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003) (citation omitted). To succeed under plain error review, an appellant must show that (1) there was an error, (2) the error was "clear and obvious," and (3) the error affected the appellant's substantial rights. *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009) (internal quotation marks and citation omitted). When an appellant satisfies those three elements, this court

still "does not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings and results in a miscarriage of justice." *Id.* at 802 (internal quotation marks and citations omitted).

## III.

Reza attacks the court's decision on two fronts. First, he argues that the district court's decision to admit his accuser's written statement without giving him an opportunity to cross-examine the witness violated Federal Rule of Criminal Procedure 32.1(b)(2)(c). Second, he argues that the court's decision violated his constitutional right to due process.

*A. Reza's Federal Rule of Criminal Procedure Claim*

Because Reza raises this argument for the first time on appeal, it is subject to the plain error standard. *See Medina-Anicacio*, 325 F.3d at 643. Rule 32.1 states that a judge must give the accused in a revocation hearing "an opportunity to . . . question any adverse witness *unless the court determines that the interest of justice does not require the witness to appear*." Fed. R. Crim. P. 32.1(b)(2)(c) (emphasis added). Here, the district court considered witness testimony in the form of a written statement from Reza's girlfriend without granting Reza the opportunity to confront her. Before doing so, the court took notice that the witness had proven reliable in the past and was considered credible by the government, that her account was consistent with the police report of the event, and that her story was corroborated by contemporaneous photos showing her injuries and the damage to the front door and interior of her home. Given the substantial weight of the evidence supporting the witness's written statement, the court's determination that the interests of

No. 17-40992

justice did not require allowing Reza to cross-examine her was not a "clear and obvious" error under Rule 32.1. Thus, Reza cannot prevail on this claim.[1]

### B. Reza's Due Process Claim

Reza also argues that the district court's decision violated his Fifth Amendment right to due process. Revocation hearings are not subject to the Federal Rules of Evidence, and the right to confront witnesses stems from the Fifth Amendment right to due process, rather than the Sixth Amendment right to confront witnesses at trial.

"Unlike a defendant's Sixth Amendment right to be confronted with the witnesses testifying at trial, the confrontation right at revocation hearings that flows from the Due Process Clause can be overcome by a showing of 'good cause.'" *Jimison*, 825 F.3d at 261–62 (internal quotation marks and citation omitted). Determining whether good cause exists to admit hearsay evidence requires a "balancing approach" that weighs the defendant's interest in confronting a witness against the government's reasons for not allowing confrontation. *Id.* at 263. The government's "failure to articulate the reasons may be found to be harmless error where good cause exists, its basis is found in the record, and its finding is implicit in the court's ruling." *Id.* at 264 (internal quotation marks and citation omitted). The government may prevail in the balancing inquiry when the hearsay testimony has "strong indicia of reliability." *Id.* at 265. When the court determines that good cause exists, it must issue a "specific finding" to that effect when it admits the hearsay in question. *Id.* at 264-65.

In this case, the government did not offer a specific reason for not calling Reza's girlfriend to appear, but the district court plainly found good reasons

---

[1] This court notes that the judge overruled a similar objection (raised on due process grounds) from Reza's attorney during the revocation hearing by citing the controlling circuit precedent and then explaining his reasons for overruling the objection.

why the government may be reluctant to call an alleged victim in a domestic violence case to provide live testimony. Moreover, the district court was aware of *Jimison* and determined that Reza's girlfriend's testimony was sufficiently reliable that considering it without giving Reza an opportunity to cross-examine her was not unjust to Reza. Courts in other revocation hearings have admitted hearsay testimony about scientific matters, for example, due to the credibility and reliability of the testimony. *See, e.g., United States v. Minnitt*, 617 F.3d 327, 332–34 (5th Cir. 2010).

As the court noted at the hearing and as this court recounted, *supra*, the written statement from Reza's girlfriend describing the attack was corroborated by several independent pieces of evidence, including photos and a police report. The photos, taken at the time of the incident, show bruising on Reza's girlfriend's face and damage to her home. The police report matched her statement. It is unlikely that any questions asked by Reza on cross-examination would have countered the strength of that evidence. Furthermore, Reza's girlfriend had previously cooperated with the police in other instances and the police considered her to be credible and reliable. Thus, the due process balancing test in this case tips in favor of the government.

Reza argues in the alternative that, regardless of the balancing test, the court's decision was impermissible because the judge did not clearly issue a specific finding of good cause. An "explicit, specific finding of good cause" is required when district courts do not allow confrontation of a witness in a revocation hearing. *United States v. Grandlund*, 71 F.3d 507, 510 n.6 (5th Cir. 1995) (citation omitted). Reza's characterization of the proceedings is not entirely accurate, however. The court did find good cause during the

6

## No. 17-40992

hearing.[2] To the extent that the court expounded on those reasons in a lengthy supplemental ruling after the hearing, we need not consider whether that ruling violated Federal Rule of Criminal Procedure 35.

In sum, because the hearsay testimony was both highly reliable and corroborated by external sources of evidence, Reza's due process rights were not violated by the court's decision to consider it.

### IV.

Based on the foregoing, this court **AFFIRMS** Reza's sentence.

---

[2] The court cited controlling circuit precedent (*Jimison*), explained the applicable legal standard, and provided reasons why the testimony in this case met that standard.