United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-50881
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE ALBERTO RODRIGUEZ-IBARRA,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-262-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Rodriguez-Ibarra appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He claims the district court reversibly erred: (1) in treating his prior state drug conviction as a "drug trafficking offense" under Sentencing Guideline § 2L1.2(b)(1)(A); and (2) in denying his downward-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure motion because, in doing so, the court did not consider the sentencing factors in 18 U.S.C. § 3553(a) and therefore imposed his sentence under a mandatory guidelines scheme.

Unlike **United States v. Gutierrez-Ramirez**, 405 F.3d 352, 359 (5th Cir.), *cert. denied*, 126 S. Ct. 217 (2005), the district court in this case had access to the charging document for Rodriguez-Ibarra's 1996 state drug conviction. Count Two of that document, the count to which Rodriguez-Ibarra pleaded guilty, charged that Rodriguez-Ibarra, in violating California Health & Safety Code § 11352, did "willfully and unlawfully sell a controlled substance, to wit: Cocaine". Accordingly, the charging document did not merely track the language of § 11352(a), but provided evidence that Rodriguez-Ibarra's § 11352(a) conviction qualified as a "drug trafficking offense" under the Guidelines. *See* **id.**; § 2L1.2(b)(1)(B), cmt. n.1(B)(iv).

Because Rodriguez-Ibarra maintains, for the first time on appeal, that his sentence was imposed under a mandatory guidelines scheme, our review is for plain error. **United States v. Valenzuela-Quevedo**, 407 F.3d 728, 732 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). There is no error, plain or otherwise, because, in its Statement of Reasons, the district court stated it considered the Guidelines in an advisory fashion and that a reasonable and adequate sentence could be achieved only by imposing a sentence outside the advisory guidelines range. Rodriguez-Ibarra

was sentenced to 36 months of imprisonment, below the recommended 41-51 months range.

**AFFIRMED**