**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4301**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAVIS SHERARD MCKENZIE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:07-cr-00155-JFA-3)

_____

Submitted:  August 26, 2010          Decided:  September 23, 2010

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Stacey Denise Haynes, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Javis Sherard McKenzie in a third superseding indictment with conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack") and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006) (Count One),[1] use of a communication facility (a telephone) to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (2006) and 18 U.S.C. § 2 (2006) (Counts Seven, Eight, and Nine), and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) & (e) (2006) (Count Seventy-Nine). The jury convicted McKenzie on all counts. The district court sentenced McKenzie to concurrent terms of imprisonment of 480 months on Count One, forty-eight months on each of Counts Seven through Nine, and 120 months on Count Seventy-Nine, a downward variance from the federal guidelines range of life imprisonment.

McKenzie timely appealed. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by denying McKenzie's Fed. R. Crim. P. 29

---

[1] The conspiracy charge originally also included marijuana, but this portion of the indictment was dismissed.

motion for judgment of acquittal on Counts One and Seven through Nine. McKenzie filed a pro se supplemental brief.[2] We affirm.

McKenzie's attorney challenges the denial of the Rule 29 motion, but ultimately concludes that the evidence was sufficient to support McKenzie's convictions. This court reviews the district court's decision to deny a Rule 29 motion de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Reid, 523 F.3d at 317. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Reid, 523 F.3d at 317 (internal quotation marks and citation omitted). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394

---

[2] In his pro se brief, McKenzie challenges the admission of testimony concerning aspects of gang life and the lack of a curative jury instruction addressing sequestration of witnesses. We conclude that his claims are without merit.

(4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

Our review of the record reveals that the evidence supported the jury's verdict. Regarding the conspiracy count, testimony disclosed that McKenzie worked with several others to distribute large quantities of cocaine and crack. See Reid, 523 F.3d at 317 (stating that, to prove § 846 violation, "[G]overnment was required to establish (1) an agreement to possess with intent to distribute cocaine base existed between two or more persons; (2) [defendant] knew of the conspiracy; and (3) [defendant] knowingly and voluntarily became part of the conspiracy."). Turning to Counts Seven through Nine, testimony and McKenzie's recorded telephone conversations established that McKenzie knowingly used a telephone on the relevant days to facilitate the conspiracy. See United States v. Henao-Melo, 591 F.3d 798, 802 n.5 (5th Cir. 2009) ("§ 843(b) requires proof that a defendant (1) knowingly or intentionally (2) used a communication facility (3) to facilitate the commission of a drug offense."), cert. denied, 130 S. Ct. 2392 (2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McKenzie's convictions and sentence. This court requires that counsel inform McKenzie, in writing, of his right to petition the Supreme Court of the United States for

4

further review.  If McKenzie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McKenzie.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED