# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL SANCHEZ-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1268

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gabriel Sanchez-Cruz appeals the 57-month sentence imposed upon his guilty plea conviction for being found unlawfully present in the United States after having previously been deported, in violation of 8 U.S.C. § 1326. The district court enhanced Sanchez-Cruz's sentence based upon its finding that his prior California conviction for lewd acts with a child aged 14 or 15 was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Sanchez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40243

Cruz argues that the offense for which he was convicted did not qualify as a crime of violence because the statute under which he was convicted was overly broad and did not constitute "sexual abuse of a minor."

Sanchez-Cruz did not object on this basis in the district court. Accordingly, we review for plain error only. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). In 2006, Sanchez-Cruz was convicted under CAL. PENAL CODE ANN. § 288(c)(1). Under a plain meaning approach, his conviction was for the enumerated offense of "sexual abuse of a minor" and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). *See* § 2L1.2, comment (n.1(B)(iii)); *United States v. Rodriguez*, 711 F.3d 541, 552-53 (5th Cir. 2013) (en banc), *petition for cert. filed* (June 6, 2013) (No. 12-10695). Sanchez-Cruz cannot demonstrate that the district court committed a clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Henao-Melo*, 591 F.3d 798, 806 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.