# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

No. 15-40104
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRISTOBAL VIELMA-ESQUIVEL,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1559-1

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cristobal Vielma-Esquivel (Vielma) pleaded guilty of being found in the United States after previous deportation. In this appeal, Vielma contends that the district court reversibly erred by imposing a 16-level "drug trafficking offense" enhancement, under U.S.S.G. § 2L1.2(b)(1)(A)(i), because he was convicted in 1998 of use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b). Citing *Descamps v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40104

*States*, 133 S. Ct. 2276 (2013), he asserts that § 843(b) is an indivisible statute and, thus, the modified categorical approach of *Shepard v. United States*, 544 U.S. 13, 16 (2005), does not apply.  Because the statute may be violated in ways that do not constitute a generic "drug trafficking offense," he argues, a prior conviction under § 843(b) may never qualify as a drug trafficking offense for purposes of § 2L1.2(b)(1)(A)(i).

Although Vielma objected to the 16-level enhancement in the district court, he did so on other grounds.  Thus, our review of Vielma's arguments are for plain error.  *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009).  To be plain, an "'error must be clear or obvious, rather than subject to reasonable debate.'" *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  Vielma's argument relies only on an extension of the Supreme Court's reasoning in *Descamps*.  Because it asserts a novel legal theory, the district court did not commit a clear or obvious error in failing to recognize it.  *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (concluding that any error was not plain where argument was novel and not supported by circuit precedent).  The judgment is AFFIRMED.