[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14008
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00070-WJC-AEP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEOPOLDO ANTUNEZ-CORNELIO,
a.k.a. Juan Carlos Simon-Castro,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 15, 2015)

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Leopoldo Antunez-Cornelio appeals his 70-month sentence for unlawfully entering the United States and unlawfully re-entering the United States after having been deported.  On appeal, Antunez-Cornelio argues that the district court erred by applying a 16-level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A).  Specifically, he argues that his prior conviction under Florida's drug trafficking statute, Fla. Stat. § 893.135, is not a "drug trafficking offense" under USSG § 2L1.2.  We review de novo the district court's application of the Sentencing Guidelines.  United States v. Madera-Madera, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003).

A defendant convicted of unlawfully re-entering the United States receives a 16-level enhancement if he or she was previously deported following a conviction for a felony drug trafficking offense that carried more than a 13-month sentence.  USSG § 2L1.2(b)(1)(A)(i).  A drug trafficking offense is "an offense under federal, state, or local law that prohibits," among other things, the "distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute[] or dispense."  Id. § 2L1.2 cmt. n.1(B)(iv).

The district court did not err in determining that Antunez-Cornelio's prior conviction was a drug trafficking offense qualifying him for an enhancement under USSG § 2L1.2(b)(1)(A).  Under Florida's drug trafficking statute,

2

> [a]ny person who knowingly sells, purchases, manufactures, delivers, or brings into [Florida], or who is knowingly in actual or constructive possession of, 14 grams or more of amphetamine . . . or methamphetamine . . . commits a felony of the first degree, which felony shall be known as "trafficking in amphetamine."

§ 893.135(1)(f). Florida's trafficking statute is divisible because it sets out one of its elements in the alternative. See Descamps v. United States, 570 U.S. ___, ___, 133 S. Ct. 2276, 2281 (2013). Because some convictions under Florida's trafficking statute are drug trafficking offenses and others are not,[1] we apply the modified categorical approach and look to a limited class of documents to determine which of the alternative elements formed the basis of Antunez-Cornelio's conviction. See id. The defendant's assent to a factual proffer during a plea colloquy may be used to establish which alternative formed the statutory basis of conviction. See United States v. Diaz-Calderone, 716 F.3d 1345, 1348, 1351 (11th Cir. 2013) (holding that defendant's assent to factual basis after pleading guilty was enough to show which crime he committed for purposes of a crime-of-violence enhancement). Though it is uncertain whether a factual proffer following a "best interests" plea can be used for the same purpose absent the defendant's

---

[1] For example, mere purchase is not a drug trafficking offense under USSG § 2L1.2. See United States v. Shannon, 631 F.3d 1187, 1189 (11th Cir. 2011) (purchase of cocaine is not a "controlled substance offense" under USSG § 4B1.2(b), which is substantially similar to the definition of a "drug trafficking offense" in USSG § 2L1.2, see United States v. Orihuela, 320 F.3d 1302, 1304 (11th Cir. 2003) (per curiam)). However, even Antunez-Cornelio recognizes that delivery under § 893.135(1)(f) falls within the drug trafficking definition in USSG § 2L1.2.

3

assent, id. at 1351, here the district court did not err by relying on Anunez-Cornelio's factual basis.

At the plea colloquy, the State agreed to reduce the charge against Antunez-Cornelio to Trafficking in Amphetamine (14 to 28 grams).  Antunez-Cornelio's attorney stated that he would "plead[] guilty in his best interest," and then pleaded guilty.  When the court asked for the factual basis for the charge, the State said that Antunez-Cornelio "delivered 29.2 grams of methamphetamine to law enforcement in exchange for $1,500."  When asked by the court whether he would like to make any changes to the factual proffer, Antunez-Cornelio's attorney replied, "further testimony would reveal that the weight was 27.9.  That's the only addition."  The court "f[ound] the factual basis for his plea as reflected in the criminal report affidavit" and accepted his guilty plea.  Antunez-Cornelio did not object to the state court's finding regarding the factual basis, nor did he assert his factual innocence during the plea colloquy.

While Antunez-Cornelio did not admit to delivering drugs—indeed, his "best interest" plea suggests the opposite—this does not affect our analysis of which alternative element formed the basis of his conviction.  Antunez-Cornelio assented to the proffer because he made a specific objection, disputing the quantity of drugs involved, but did not challenge the fact that he delivered, rather than possessed, the drugs.  This establishes that delivery of methamphetamine was the

4

statutory basis for his conviction.  As Antunez-Cornelio conceded before the district court, a conviction for delivering methamphetamine is a drug trafficking offense and qualifies him for an enhancement under USSG § 2L1.2(b)(1)(A).

Upon review of the record and consideration of the parties' briefs, we find no error in Antunez-Cornelio's total sentence.

**AFFIRMED.**